1

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|      Plaintiff, | ) | Case No. |
| | ) | |
|      v. | ) | |
| | ) | |
| DELIGHT WILSON, FARMSTEAD | ) | **COMPLAINT TO REDUCE FEDERAL** |
| COMPANY TRUST, and LEWIS COUNTY, | ) | **TAX ASSESSMENTS TO JUDGMENT** |
| | ) | **AND TO FORECLOSE FEDERAL** |
|      Defendants. | ) | **TAX LIENS** |
| _____ | ) | |

The United States of America, by and through its undersigned counsel, hereby complains

and alleges as follows:

## INTRODUCTION

1.     This is a civil action brought by the United States of America to reduce to

judgment federal income tax, penalty, and interest assessments against Delight Wilson and to

foreclose federal tax liens against two adjacent parcels of real property owned by Ms. Wilson,

located in Lewis County, Washington (referred to herein as "the subject property").

COMPLAINT

1

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-2901

1

**JURISDICTION AND VENUE**

2      2.      This action is brought at the direction of the Attorney General of the United States

3  and at the request and with the authorization of the Chief Counsel of the Internal Revenue

4  Service ("IRS"), a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. §§ 7401 and

5  7403.

6      3.      This Court has jurisdiction over this action pursuant to 26 U.S.C. § 7402 and 28

7  U.S.C. §§ 1340 and 1345.

8      4.      Venue is proper in the Western District of Washington under 28 U.S.C.

9  §§ 1391(b) and 1396 because the tax liabilities giving rise to the federal tax assessments at issue

10  accrued within this judicial district, and the subject property is located within this judicial

11  district.

12

**PARTIES**

13      5.      Delight Wilson is named as a defendant because she has unpaid federal tax

14  assessments, and because she is the owner of the subject property. Ms. Wilson resides within this

15  judicial district.

16      6.      Farmstead Company Trust is made a party to this action pursuant to 26 U.S.C.

17  § 7403(b), because it may claim an interest in the subject property.

18      7.      Lewis County is made a party to this action pursuant to 26 U.S.C. § 7403(b),

19  because it may claim an interest in the subject property.

20

**THE SUBJECT PROPERTY**

21      8.      The subject property consists of two adjacent parcels, parcel numbers 032023-

22  003-000 and 032036-010-000, which are located at 514 Carr Road East, Randle, Washington,

23  98377.

COMPLAINT

2

9.      The legal description of the subject property is:

Government Lot 10 in Section 11, Township 12 North, Range 8 East, W.M., Lewis County, Washington. EXCEPT the east 660 feet thereof. ALSO: Beginning at the northwest corner of said east 660 feet of said Government Lot 10, in Section 11, Township 12 North, Range 8 East, W.M., Lewis County, Washington; thence south 9 degrees 13 minutes east 374.75 feet, more or less, to the north bank of the Cowlitz River; thence southwesterly along said north bank to the west line of the east 660 feet of said Government Lot 10; thence north along said west line to the point of beginning. EXCEPT a portion of Government Lot 10 in Section 11, township 12 North, Range 8 East, W.M., Lewis County, Washington, described as follows: Beginning at the intersection of the north meander line of the Cowlitz River and west line of said Government Lot 10; thence north along said Section line to the southerly boundary of an existing easement road; thence northeasterly 220 feet along said southerly boundary; thence south 1 degree 50 minutes east to the north meander line of the Cowlitz River; thence southwesterly along said meander line to the point of beginning. ALSO the west half of the southwest quarter of the southeast quarter of Section 2, Township 12 North, Range 8 East, W.M., Lewis County, Washington. TOGETHER WITH an easement over existing road as established by instrument recorded January 24, 1980 under Auditor's File No. 873083.

**FIRST CLAIM FOR RELIEF: TO REDUCE TO JUDGMENT**
**FEDERAL TAX ASSESSMENTS AGAINST DELIGHT WILSON**

10.      On the dates, in the amounts, and for the tax periods set forth below, a duly authorized delegate of the Secretary of Treasury made assessments against Delight Wilson, jointly and severally with her husband Melvin Wilson, who is now deceased, for unpaid federal income taxes, penalties, and interest as follows:

| Tax Year | Assessment Date | Tax Assessed | Interest Assessed | Penalties Assessed | Outstanding Balance of Assessments* |
|---|---|---|---|---|---|
| 1989 | 07/31/2007 12/17/2007 09/22/2008 11/12/2012 | $ 8,489.00 | $16,595.13 $22,702.45 | $ 1,663.60 $ 1,088.98 $ 968.02 | $12,589.80 |
| 1990 | 07/31/2007 12/17/2007 09/22/2008 11/12/2012 | $ 4,256.00 | $ 8,318.23 $ 2,510.01 | $ 851.20 $ 531.92 $ 491.00 | $16,958.36 |
| 1991 | 07/31/2007 | $22,137.00 | $45,289.99 | | $88,814.81 |

COMPLAINT

3

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-2901

| Year | Date | | | | Total |
|---|---|---|---|---|---|
| | 12/17/2007 09/22/2008 11/12/2012 | | $11,426.17 | $ 4,427.40 $ 2,877.81 $ 2,656.44 | |
| 1992 | 07/31/2007 12/17/2007 09/22/2008 11/12/2012 | $ 1,740.00 | $ 1,489.31 $     718.75 | $     348.00 $     103.22 $       95.28 | $ 3,548.56 |
| 1999 | 12/29/2003 11/14/2005 11/12/2007 | $31,142.00 | $11,399.12 | $10,682.80 $ 6,695.53 $ 1,089.97 | $59,298.02 |
| 2000 | 12/15/2005 11/12/2007 11/10/2008 | $41,037.00 | $ 8,511.28 | $ 8,207.40 $ 9,438.51 $     820.74 | $69,108.19 |
| 2001 | 02/06/2006 02/07/2009 | $25,223.00 | $ 7,308.87 | $10,465.00 $ 5,814.24 | $46,973.11 |

* Outstanding Balance of Assessments includes credit for subsequent abatements and collection activities, but does not include additional unassessed interest and penalties that continue to accrue by operation of law until paid.

11.     Despite timely notice and demand for payment of the assessments described above, Ms. Wilson has neglected or refused to make payment to the United States, and there remains due and owing on those assessments, together with accrued but unassessed statutory interest and other additions, the amount of $417,056.45 as of May 31, 2013.

12.     Pursuant to 26 U.S.C. § 7402(a), the United States is entitled to a judgment against Delight Wilson for the unpaid balance of the assessed amounts described above, plus statutory interest and any other additions accruing to the date of payment.

### SECOND CLAIM FOR RELIEF: TO FORECLOSE FEDERAL TAX LIENS AGAINST THE SUBJECT PROPERTY

13.     Melvin Wilson and Delight Wilson, as husband and wife, acquired the subject property by statutory warranty deed dated December 14, 1994. The deed was recorded with the Lewis County Auditor on December 15, 1994.

14.     On January 6, 1995, a purported Deed of Trust was recorded with the Lewis County Auditor, with respect to the subject property, naming Melvin Wilson and Delight Wilson

COMPLAINT

4

as Grantors and Farmstead Company Trust as Beneficiary. Said Deed of Trust purported to secure payment of $80,500, in accordance with the terms of an alleged promissory note.

15.     On December 7, 1998, a second purported Deed of Trust was recorded with the Lewis County Auditor, with respect to the subject property, naming Melvin Wilson and Delight Wilson as Grantors and Farmstead Company Trust as Beneficiary. Said Deed of Trust purported to secure payment of $520,000, in accordance with the terms of an alleged promissory note.

16.     Pursuant to 26 U.S.C. §§ 6321 and 6322, statutory liens for unpaid federal taxes arose in favor of the United States against all property or rights to property, whether real or personal, belonging to defendant Delight Wilson, as of the dates of all of the assessments described in paragraph 10, above, including the subject property. In addition, said liens immediately attached to all after-acquired property or rights to property.

17.     On May 26, 2004, in accordance with 26 U.S.C. § 6323(f), a Notice of Federal Tax Lien relating to the assessments described in paragraph 10, above, for tax year 1999 was recorded with the Lewis County Auditor. A second Notice of Federal Tax Lien with respect to the same tax year was recorded with the Lewis County Auditor on March 18, 2013.

18.     On January 31, 2005, Melvin Wilson and Delight Wilson executed a community property agreement, by which they agreed that all property then owned or after acquired by either of both of them was declared to be community property, and that, upon the death of either party, title to all community property would vest in the surviving party. The Wilsons' community property agreement was recorded with the Lewis County Auditor on December 21, 2012.

19.     Melvin Wilson died on March 25, 2005.

20.     On July 17, 2006, in accordance with 26 U.S.C. § 6323(f), a Notice of Federal Tax Lien relating to the assessments described in paragraph 10, above, for tax year 2001 was

5

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-2901

1    recorded with the Lewis County Auditor. A second Notice of Federal Tax Lien with respect to

2    the same tax year was recorded with the Lewis County Auditor on October 30, 2006.

3           21.     On September 10, 2012, in accordance with 26 U.S.C. § 6323(f), a Notice of

4    Federal Tax Lien relating to the assessments described in paragraph 10, above, for tax year 2000

5    was recorded with the Lewis County Auditor. A second Notice of Federal Tax Lien with respect

6    to the same tax year was recorded with the Lewis County Auditor on February 27, 2013.

7           22.     On February 19, 2013, in accordance with 26 U.S.C. § 6323(f), a Notice of

8    Federal Tax Lien relating to the assessments described in paragraph 10, above, for tax years

9    1989-1992 was recorded with the Lewis County Auditor. A second Notice of Federal Tax Lien

10   with respect to the same tax years was recorded with the Lewis County Auditor on February 27,

11   2013.

12          23.     The tax liens arising from the assessments described in paragraph 10, above,

13   continue to attach to the subject property.

14          24.     Farmstead Company Trust and the alleged debt secured by the Deeds of Trust

15   described in paragraphs 14 and 15, above, are shams that must be disregarded in determining the

16   interests of all parties to the subject property.

17          25.     Farmstead Company Trust is not a legitimate business entity, but rather, it is

18   merely the alter-ego or nominee of Delight Wilson.

19          26.     Because Farmstead Company Trust is the alter-ego or nominee of Delight Wilson,

20   Delight Wilson is both the grantor and beneficiary under the purported Deeds of Trust described

21   in paragraphs 14 and 15, above, and her interests merge, thereby extinguishing the purported

22   underlying debt.

23

COMPLAINT                                           6                      **U.S. DEPARTMENT OF JUSTICE**
                                                                           Tax Division, Western Region
                                                                           P.O. Box 683
                                                                           Washington, D.C.  20044
                                                                           Telephone: 202-616-2901

1    27.    The purported Deeds of Trust described in paragraphs 14 and 15, above,

2  constitute fraudulent transfers under R.C.W. § 19.40, because they were entered into with intent

3  to defraud creditors, and as such they should be set aside.

4    28.    Farmstead Company Trust has no valid legal interest in the subject property.

5    29.    Pursuant to 28 U.S.C. § 7403(c), the United States is entitled to a decree of sale of

6  the subject property to enforce its federal tax liens.

7                              **REQUEST FOR RELIEF**

8          WHEREFORE, plaintiff, the United States of America, respectfully requests the Court to

9  adjudge and decree as follows:

10   A.     That the United States be granted judgment against defendant Delight Wilson in

11          the amount of $417,056.45, for the federal tax liabilities at issue in this case, less

12          any payments or credits received, plus other statutory additions thereon as

13          provided by law that accrue after May 31, 2013;

14   B.     That the United States has valid federal tax liens against all property and rights to

15          property belonging to defendant Delight Wilson, including her interest in the

16          subject property;

17   C.     That Farmstead Company Trust has no interest in the subject property;

18   D.     That the federal tax liens encumbering the subject property arising from the

19          assessments described in paragraph 10, above, be foreclosed and that the subject

20          property be sold, with the proceeds arising from such sale being applied to satisfy

21          the outstanding unpaid federal tax liabilities of Delight Wilson; and

22

23

COMPLAINT                          7                **U.S. DEPARTMENT OF JUSTICE**
                                                    Tax Division, Western Region
                                                    P.O. Box 683
                                                    Washington, D.C.  20044
                                                    Telephone: 202-616-2901

1     E.      That the United States be granted its costs incurred in bringing this action, and for

2     such other and further relief as the Court deems just and proper.

3     DATED this 12th day of November, 2013.

4

                   KATHRYN KENEALLY
                   Assistant Attorney General

5

6

7                  */s/ Jennifer D. Auchterlonie*
                   JENNIFER D. AUCHTERLONIE, WSBA 29481

8                   Trial Attorney, Tax Division
                   U.S. Department of Justice

9                   P.O. Box 683
                   Washington, D.C.  20044

10                  202-616-2901 (v)
                  202-307-0054 (f)

11                 Jennifer.D.Auchterlonie@usdoj.gov

12                 Of Counsel:

13                 JENNY A. DURKAN
                 United States Attorney

14

15

16

17

18

19

20

21

22

23

COMPLAINT

8